FORET, Judge,
dissenting.
I respectfully dissent. The March 13, 1987 destruction by fire of the Gaspard residence was not a loss for which Commercial Union was liable. The occurrence and resultant property damage to the Gas-pard residence were not during the effective period of the Commercial Union insurance policy, (September 15, 1981 until September 15, 1982). The loss was a completed operation hazard (installation of the heater was completed on July 26, 1982), Which was specifically excluded from coverage in the Commercial Union insurance policy.
The majority opinion states that while Commercial Union’s insurance policy showed that it would expire in 1982, there was no attached affidavit stating that the insurance was not renewed or that this was the only period of insurance issued by Commercial Union which covered Romero, noting further that this is an unanswered question of fact. No one urges that Commercial Union insured Romero at any time other than September 15, 1981 — September 15, 1982. Gaspard, in an amending petition, simply states that there was a Commercial Union policy at all times pertinent herein that provided coverage to Romero for all alleged claims. This is a conclusion of law. Further, it is undisputed that at the time of the fire Casualty Reciprocal Exchange was the insurer of Romero.
I respectfully dissent.